George Haines, Esq.
Nevada Bar No. 9411
Gerardo Avalos, Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM, LLC**
8985 South Eastern Ave., Suite 100
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@freedomlegalteam.com
*Attorneys for Plaintiff Yolanda Cosme*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Yolanda Cosme, | Case No.: 2:24-cv-00082 |
| Plaintiff, | |
| v. | **Order Granting Plaintiff's Motion for Default Judgment Against Credit Management Services, Inc. and for attorney's fees and costs** |
| Credit Management Services, Inc., | |
| Defendant. | ECF No. 10 |

This matter came before the Court for a hearing on November 14, 2024 at 1:30 p.m. with Gerardo Avalos, of the law firm Freedom Law Firm appearing on behalf of Plaintiff Yolanda Cosme ("Plaintiff"). There was no appearance by Defendant Credit Management Services, Inc. ("Defendant"). The Court, having reviewed Plaintiff's Motion for Default Judgment Against Credit Management Services, Inc. and for attorney's fees and costs (ECF No. 10), and the accompanying declarations and exhibits along with the pleadings and papers on file herein, having heard and considered the arguments of counsel at the hearing, and being otherwise duly apprised, hereby **FINDS** as follows:

1.      Rule 55(b) of the Federal Rules of Civil Procedure permits a default judgment following the entry of default by the clerk under Rule 55(a). When the requested relief is anything other than a sum certain or a sum that can be made certain by computation, the party

1   must apply to the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b)(1)-(2).

2          2.      The Ninth Circuit has determined that a district court should look at seven

3   discretionary factors before rendering a decision on a motion seeking a default judgment. *See*

4   *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of

5   prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of

6   the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute

7   concerning material facts; (6) whether the default was due to excusable neglect; and (7) the

8   strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

9   *Id*.

10         3.      Once the clerk enters a default, the well-pleaded factual allegations of the

11  complaint are taken as true, except for those allegations relating to damages. *See Televideo Sys.,*

12  *Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The plaintiff is required to prove all

13  damages sought in the complaint, and those damages may not "differ in kind from, or exceed in

14  amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). If sufficiently documented

15  and detailed, damages claims may be fixed by an accounting, declarations, or affidavits. *See*

16  *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

17         4.      Defendant was served with the Complaint and Summons on January 17, 2024.

18  (ECF No. 4)

19         5.      Defendant failed to file an answer or otherwise respond to the Complaint within

20  21 calendar days of the date of service and no further time to respond was requested or granted.

21         6.      The Clerk of Court entered the default of Defendant for failing to plead in

22  response to Plaintiff's Complaint on August 27, 2024. (ECF No. 9). The allegations in the

23  complaint are therefore taken as true, except for those allegations relating to damages.

24         7.      Plaintiff's Motion satisfies the *Eitel* factors in favor of default judgment. The

25  Court thus finds good cause to grant the Motion.

26         8.      Plaintiff has furnished a computation of her damages. The Court thus awards

27  Plaintiff statutory damages of $2,500 against Defendant.

28         9.      Plaintiff has furnished a computation of her attorney's fees supported by

2

declarations of counsel. Based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) and an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975) the requested rates for Plaintiff's attorneys are reasonable and within the prevailing rates for the Las Vegas legal market. Plaintiff's request for attorney's fees is therefore granted in the amount of $5,110.50.

10.     Plaintiff has furnished a computation of her costs of litigation. Based on the affidavits and support provided by Plaintiff these costs were necessarily and actually incurred by Plaintiff in the prosecution of this case. Plaintiff's request for reasonable costs is therefore granted in the amount of $530.

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.     Plaintiff's Motion for Default Judgment Against Credit Management Services, Inc. and for attorney's fees and costs **(ECF No. 41)** is **GRANTED** in its entirety;

2.     **Plaintiff is awarded $2,500 in statutory damages, $5,110.50 in attorney's fees, and $530 in costs from Defendant for a total of $8,140.50.**

3.     **The Clerk of the Court is directed to ENTER JUDGMENT in favor of Plaintiff Yolanda Cosme against Credit Management Services, Inc. in the amount of $8,140.50 and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: November 14, 2024

Submitted by:

**Freedom Law Firm**

/s/ *Gerardo Avalos*
_____
Gerardo Avalos, Esq.
8985 South Eastern Ave., Suite 100
Las Vegas, NV 89123
*Counsel for Plaintiff*